_____
                                                                                    Robert E. Littlefield, Jr.
So Ordered.                                                                          Chief, United States Bankruptcy Judge

Signed this 2 day of June, 2014.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re: Dominic Bucciero                              Case No.14-10015
       Lori Bucciero                                 Chapter 13
                                                     **ORDER OF CONFIRMATION**
                        Debtors.

In connection with the chapter 13 plan filed at docket no. 2 ("Plan") before this court for confirmation, the court finds that:

   (1)  Debtor[1] has complied with the filing requirements under 11 U.S.C. § 521(a)(1)(mandatory documents) and 11 U.S.C. § 521(b)(credit counseling certificate);

   (2)  Under penalty of perjury, Debtor has represented to the chapter 13 trustee ("Trustee") and this court that, to the extent applicable, all domestic support obligations owed by Debtor, as defined in 11 U.S.C. § 101(14A), that have become due since the filing of the petition have been paid and that all such obligations coming due during the Plan will be paid in a timely fashion;

   (3) Debtor's attorney has completed the Certification pursuant to Local Bankruptcy Rule 3015-1 as to (i) compliance with the requirements of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") and Local Bankruptcy Rules ("LBR") by providing creditor addresses that enabled proper service upon all creditors and parties in interest of the Plan and notice of the confirmation hearing ("Notice"), and (ii) proper service of the Plan and Notice pursuant to Fed. R. Bankr. P. 7004 and LBR 3015-1(e) upon any creditor affected by an Allowed Contested Matter contained within the Plan as set forth in the certificate of service filed by Debtor's attorney;

   (4) If applicable, the administrative, secured and priority claims that are deemed filed pursuant to paragraph V of the Plan conform substantially to the requirements of the applicable Federal Rules of Bankruptcy Procedure and use of the Official Proof of Claim form, and that said claims are deemed admissions of an amount due and constitute sufficient proof to allow the Trustee to make a distribution on the claims; and

                                                                                                (Rev. 11-28-11)

(5) Based upon the Trustee's review and recommendation, and the court's disposition of all pending objections, if any, the Plan meets the confirmation requirements of 11 U.S.C. § 1325.

I. **THE PLAN**

Accordingly it is ORDERED that the Plan is confirmed as set forth herein. Payments shall be made payable to the Trustee. Debtor's obligation to make monthly payments, which commenced not later than thirty (30) days from the petition filing date or date of conversion, shall continue until the Plan has been fully performed.

A. **STANDARD PLAN TERMS**

| | |
|---|---|
| Required Monthly Payments: | $125.00/ monthly for 60 months |
| Additional Funding Requirements: | Plus shall provide a copy of their annual tax return by June 1st each year. |
| Term of Plan | 60 |
| Minimum Amount to be Paid into the Plan: | $7,500.00 |

Minimum Amounts to be Paid to General Unsecured Creditors under the Plan shall be the greater of:

| | |
|---|---|
| Minimum Liquidation: | $0.00 |
| Minimum Disposable Income (B22C - Line 59 X 60): | $0.00 |
| Minimum Percentage Repayment: | 2.00% |

During the term of the confirmed Plan, Debtor shall immediately turn over to the Trustee any tax refund in excess of $1,500.00 and, on or before April 25 of each year, shall provide the Trustee with a copy of the federal tax return required to be filed under applicable law.

B. **NON-STANDARD PLAN TERMS**

(i) **(Insert if applicable, based upon the non-standard plan provision included in the Plan at paragraph V)** The specific claims set forth herein held by creditors listed below are hereby allowed and shall be paid through the Plan with the claims deemed filed by the Debtor, subject to being amended by the creditor's timely filed proof of claim:

Creditor                                                    Collateral Description

C. **ORDER OF DISTRIBUTION OF PLAN PAYMENTS BY THE TRUSTEE**

2

Unless otherwise directed in this order ("Order"), funds received by the Trustee for distribution to creditors under the Plan shall be applied, after payment of applicable Trustee's fees, in the following order of distribution:

First, to pay any and all equal monthly payments required on allowed secured claims under paragraphs II(B)(ii) and (iii);

Second, to pay any remaining attorney's fees and other allowed administrative expenses *pro rata* until paid in full under paragraph II(A)(i) and (ii);

Third, to pay allowed secured claims *pro rata* until paid in full under paragraphs II(B)(i)(a), (iv) and (v);

Fourth, to pay allowed priority claims *pro rata* until paid in full under paragraph II(F); and

Fifth, to pay allowed unsecured claims *pro rata*.

In the event Debtor pays ongoing mortgage payments through the Plan under paragraph II(B)(i)(c), those payments shall be made only after payment of applicable Trustee's fees and prior to payment to any other creditor.

### D. REQUIREMENTS FOR COMPLETION

The Plan will be considered complete when:

(i) all allowed secured and priority unsecured claims have been paid in full, except those specified in paragraphs II(B)(i)(b) and II(B)(vi);

(ii) all payments set forth in paragraph I have been received; and

(iii) allowed unsecured claims not separately classified and provided for in paragraph II(H) have been paid either: (i) not less than 2.00% of their allowed amount, or, (ii) $0.00 representing the higher of liquidation value or projected disposable income, dependent upon whichever provides a greater distribution.

## II. TREATMENT OF CREDITORS

It is further ORDERED that all creditors shall be treated as follows:

### A. ADMINISTRATIVE EXPENSE CLAIMS

(i) Debtor's Attorney's Fees

| | |
|---|---|
| Total Fee Approved | $4,200.00 |
| Amount Paid Directly by Debtor | $220.00 |
| Allowed Administrative Claim to be paid by Trustee | $3,980.00 |

(ii) Other Allowed Administrative Claims

3

(Rev. 11-28-11)

<u>Creditor</u>                                                              <u>Amount of Claim</u>

**B. SECURED CLAIMS**

All secured creditors shall retain the lien(s) securing their claim(s) until the earlier of payment in full of the underlying debt determined in accordance with nonbankruptcy law or discharge of such claim under 11 U.S.C. § 1328, with the exception of judgment lien creditors whose liens impair the debtor's exemption and are subject to avoidance under 11 U.S.C. § 522(f) following entry of this Order. If paid by the Trustee, the secured claim shall be paid *pro rata* with similarly classified claims or in monthly payments, as indicated below.

(i) Real Property Mortgage Claims

(a) The secured creditor's allowed claim shall determine the arrears to be paid through the Plan:

<u>Creditor</u>                          <u>Collateral Address</u>                          <u>Amount of Arrears</u>

(b) Ongoing post-petition mortgage payments to be paid by the Debtor directly to the creditor.

<u>Creditor</u>                          <u>Collateral Address</u>

(c) Post-petition mortgage payments to be paid by the Trustee to the Creditor through the Plan:

<u>Creditor</u>                          <u>Collateral Address</u>                          <u>Payment Amount</u>

(ii) Payment of Bifurcated Claim with Secured Portion Based on Collateral Value

The creditor(s) listed below will be paid the value of their collateral pursuant to 11 U.S.C. § 506 with present value interest pursuant to 11 U.S.C. § 1325(b)(5). Any filed claim requesting payment of a higher secured claim amount shall be deemed to be an unsecured claim to the extent that the amount of the filed claim exceeds the value stated below. Further, any request for interest at a rate which is higher than the rate listed below shall be disallowed. A filed claim seeking a lower secured claim amount or lower rate of interest on its secured claim shall be deemed to be the creditor's consent to accept payment of said lower amount(s) and will control:

<u>Creditor</u>                  <u>Collateral Value</u>          <u>Interest Rate</u>          <u>Equal Monthly Payment</u>

(iii) Payment in Full of Secured Claim With Present Value Interest

4

The creditors listed below will be paid in full principal owed with present value interest pursuant to 11 U.S.C. § 1325(b)(5). The amount of the claim shall be determined in accordance with an allowed claim. Any filed proof of claim will be disallowed to the extent that the interest rate sought exceeds the rate listed below. A filed claim seeking a lower secured claim amount or lower interest rate on its secured claim shall be deemed to be the creditor's consent to accept payment at the lower amount and said lower amount(s) will control:

| Creditor | Full Claim Amount | Interest Rate | Equal Monthly Payment |
|---|---|---|---|

(iv) Payment of Arrearage Only on Claims Secured by Personalty

Arrears owed to the creditor(s) listed below will be paid in accordance with an allowed claim:

| Creditor | Collateral | Amount of Arrears | Interest Rate |
|---|---|---|---|

(v) Payment in Full of All Other Secured Claims

The creditor(s) listed below will receive payment in full in accordance with an allowed claim:

| Creditor | Lien Amount | Interest Rate |
|---|---|---|

(vi) Other Ongoing Direct Payments

The creditor(s) listed below will not receive payments through the Plan and shall retain their lien(s):

| Creditor | Collateral |
|---|---|

**C. MORTGAGE CLAIMS MODIFIED PURSUANT TO 11 U.S.C. § 506**

The following claim(s) shall be treated as unsecured:

| Creditor | Amount of Claim |
|---|---|

**D. COLLATERAL SUBJECT TO SURRENDER**

The collateral securing the claim(s) held by the following secured creditor(s) will be surrendered to said creditor(s). Upon entry of this Order, said creditor(s) may submit an *ex parte* application and order, together with the appropriate fee, providing that the automatic stay shall be vacated on the condition that the order also provide that any surplus monies realized by any sale of collateral shall be payable to the Trustee and Debtor as co-payees:

5

(Rev. 11-28-11)

| Creditor | Collateral | Amount of Claim (if known) |
|---|---|---|

### E. CLAIMS SUBJECT TO SALE OF COLLATERAL

The collateral securing the claim(s) held by the following secured creditor(s) will be sold during the term of the Plan on the terms and conditions set forth below and the claim(s) shall be paid from sale proceeds at the time of sale. No disbursements shall be made to the creditor(s) from the regular monthly Plan payments:

| Creditor | Collateral | Amount of Claim |
|---|---|---|

### F. PRIORITY CLAIMS

An allowed claim entitled to priority under 11 U.S.C. § 507 shall be paid in full.

| Creditor | Amount of Claim |
|---|---|

### G. CO-SIGNED AND OTHER SEPARATELY CLASSIFIED UNSECURED CLAIMS

The claim(s) listed below have been separately classified pursuant to 11 U.S.C. § 1322(b)(1) and will be paid in full in accordance with an allowed claim.

| Creditor | Amount of Claim |
|---|---|

### H. UNSECURED NON-PRIORITY CLAIMS

Unsecured non-priority claims will be paid *pro rata* until paid in accordance with the minimums set forth in paragraph I above.

### I. UNEXPIRED LEASES AND EXECUTORY CONTRACTS

Unexpired leases and executory contracts with the following creditors are **ASSUMED:**

| Creditor | Property Subject to the Lease or Contract | Amount of Claim |
|---|---|---|

All other unexpired leases and executory contracts are deemed **REJECTED** effective as of the date of entry of this Order.

### III. DISCHARGEABILITY

It is further ORDERED that any provision in the chapter 13 Plan purporting to discharge a claim under 11 U.S.C. § 523 shall be unenforceable and void until such time as Debtor obtains a separate order

other than this Order that discharges such claim.

**IV. DEFAULT ON DIRECT PAYMENTS TO SECURED CREDITORS**

It is further ORDERED that upon Debtor's post-confirmation default to a secured creditor listed in paragraphs II(B)(i)(b) and II(B)(vi), for a period of more than 60 days on claims secured by real property which is NOT the Debtor's principal residence, or 30 days on claims secured by personal property ("Post-Confirmation Default"), the secured creditor may give notice of said Post-Confirmation Default ("Default Notice"). The Default Notice shall be filed with the court and served upon the Debtor by first class mail and upon Debtor's attorney and Trustee by notice of electronicfiling (NEF) via the CM/ECF system. The secured creditor must file an affidavit of service of the Default Notice with the court. The Default Notice shall provide that within 15 days the Post-Confirmation Default must be: (1) cured; (2) settled by written agreement between the parties; or (3) resolved by the court based on appropriate pleadings filed by the Debtor establishing sufficient equity or other facts sufficient to justify continuance of the automatic stay. If the Post-Confirmation Default is not resolved in accordance with the terms of the Default Notice, said creditor may submit an application and *ex parte* order, together with the appropriate fee, if any, providing relief from the automatic stay and directing that any surplus monies realized from the sale of collateral be made payable to the Trustee and Debtor as co-payees.

**V. REQUIREMENTS REGARDING POST-PETITION TAX RETURNS**

It is further ORDERED that during the term of the confirmed Plan, Debtor shall timely file with the taxing authorities all required federal and state tax returns and pay all applicable taxes when due. Upon Debtor's default in the timely filing of required federal and/or state tax returns and/or in the payment of applicable federal and/or state taxes for any post-petition period, the appropriate taxing authority may give written notice of said delinquency ("Delinquency Notice") to Debtor by regular mail, and the Debtor's attorney and Trustee by electronic notice, based upon the filing of the Delinquency Notice with the court. The taxing authority must file an affidavit of service of the Delinquency Notice with the court. The Delinquency Notice shall specify which tax returns have not been filed and/or which taxes have not been paid and give notice that the taxing authority may apply *ex parte* for an order dismissing the case within 180 days from the date the Delinquency Notice is given if the delinquency is not: (1) cured; (2) settled by written agreement between the parties; or (3) resolved by appropriate pleading submitted to the court evidencing the filing of said returns and/or payment of said tax. If the delinquency is not addressed as per the terms of the Delinquency Notice, the taxing authority may submit an *ex parte* application and order dismissing the chapter 13 case without further notice.

**VI. OBLIGATION TO REPORT INHERITANCES, SETTLEMENTS, AWARDS, BONUSES OR ANY OTHER ASSET OR MONIES RECEIVED DURING THE TERM OF THE PLAN**

It is further ORDERED that Debtor shall report to the Trustee any receipt or notice of entitlement to funds in excess of $1,500.00 during the term of the Plan (other than the regular monthly income reflected in Schedule I filed with the court).

**VII. PAYROLL DEDUCTIONS**

It is further ORDERED that if Debtor defaults on payments required by the Plan, the Trustee may submit and implement an *ex parte* order for payroll deduction payments without further notice to Debtor or Debtor's attorney.

**VIII. TRUSTEE'S DUTIES REGARDING BUSINESS CASES**

It is further ORDERED that the Trustee is not to perform the duties specified in 11 U.S.C. § 1302(c) absent further order of this court. Debtor shall perform the duties as specified in 11 U.S.C. § 704(a)(8) and file with the Trustee such periodic reports as to the operation of Debtor's business as required by the Trustee or court pursuant to 11 U.S.C. §1304(c).

**IX. PROHIBITION ON POST-PETITION DEBT**

It is further ORDERED that Debtor is prohibited from incurring any debt in excess of $1,500.00 without prior approval of the Trustee or the court, except such debt as may be necessary for emergency medical or hospital care of the Debtor or Debtor's dependents.

**X.  SALES OR TRANSFERS OF PROPERTY DURING THE PLAN TERM**

It is further ORDERED that no property may be sold or transferred without the approval of the court or the Trustee. Notwithstanding any provision of the Plan or this Order, no article of property, real or personal, with any value of less than $2,500.00 may be sold, transferred or otherwise disposed of, without the prior consent of the Trustee and no article of property, real or personal, with any value of more than $2,500.00 may be sold, transferred or otherwise disposed of, without prior order of this court.

**XI. NO REVESTING**

It is further ORDERED that property of the estate shall not revest in Debtor until completion of the Plan.

**XII. ONGOING NOTICES**

It is further ORDERED that creditors being paid directly by the debtor under the Plan shall continue to send customary payment coupons, statements, and notices to the parties making ongoing payments during the term of the Plan. Such actions shall not constitute or form the basis for finding a violation of the automatic stay.

**XIII. INCONSISTENT PROVISIONS**

It is further ORDERED that in the event of an inconsistent provision contained in the Plan and this Order, this Order shall control.

**XIV.  NOTICE OF DEEMED FILED CLAIMS IN THE PLAN**

It is further ORDERED that if the Plan included the non-standard provision at paragraph V, the Clerk shall not provide notice pursuant to Federal Rule of Bankruptcy Procedure 3004 of claims deemed filed in the Plan.

**ALL OPPOSITION HAVING BEEN OVERRULED OR SETTLED, THE STANDING TRUSTEE RECOMMENDS THE PLAN AS SATISFYING THE REQUIREMENTS OF 11 U.S.C. § 1325(a).**

Date: 06/02/2014                                                              Initials: AEC

XXX

---

1 In a joint case, any reference to "Debtor" shall mean "Debtors."
2 Allowed Contested Matter shall have the same meaning as ascribed in the Plan.

9

(Rev. 11-28-11)

Copies served on the following either electronically or by regular mail:

Dominic Bucciero
Lori Bucciero
33B Fairway Dr.
Mechanicville, NY  12118

RICHARD CROAK & ASSOC.
314 GREAT OAKS BLVD
ALBANY, NY  12203

JAMES KLEINBAUM, ESQ.
18 PARK ROW
CHATHAM, NY  12037

(Rev. 11-28-11)